# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROCKY MEL CONTRERAS,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>STEPHEN COOLEY MAHAN; and<br>LIBERTY MARITIME<br>CORPORATION,<br><br>　　　　　　　　　Defendants. | CASE NO. 09-CV-0019-H (WMC)<br><br>**ORDER**<br><br>**(1) GRANTING MOTION FOR TEMPORARY CONTINUANCE [Doc. No. 36];**<br><br>**(2) DENYING MOTION FOR CHANGE OF VENUE AS MOOT [Doc. No. 36]; AND**<br><br>**(3) DENYING AMENDED MOTION FOR CHANGE OF VENUE [Doc. No. 42.]** |

On January 5, 2009, Plaintiff Rocky Mel Contreras, proceeding *pro se*, filed a complaint against Defendants Stephen Cooley Mahan and Liberty Maritime Corporation. (Doc. No. 1.) On January 20, 2010, Defendants Mahan and Liberty filed a motion to dismiss the complaint. (Doc. No. 30.) On February 11, 2010, Plaintiff filed a motion for change of venue and motion to continue.[1] (Doc. No. 36.) On February 11, 2010, Plaintiff also filed a motion for extension

---

[1] Plaintiff filed similar motions in his other two cases pending before this Court: Contreras v. Liberty Maritime Corporation et al., 09-CV-231-H (AJB); and Contreras v. Lulley et al., 09-CV-53-H (AJB).

to file a response in opposition to Defendants' motion. (Doc. No. 38.) On February 18, 2010, the Court granted Plaintiff an extension to oppose Defendants' motion until March 4, 2010.[2] (Doc. No. 39.) On February 18, 2010, the Court requested briefing from Defendants in response to Plaintiff's motion for change of venue. (Doc. No. 40.) On February 22, 2010, Plaintiff filed an amended motion for change of venue to correct the error in the original motion. (Doc. No. 42.) On March 4, 2010, Defendants filed their response in opposition to Plaintiff's motion for change of venue. (Doc. No. 45.) For the following reasons, the Court GRANTS Plaintiff's motion to continue and DENIES Plaintiff's motion for change of venue.

### Discussion

Plaintiff's motion requests a change of venue from the United States District Court for the Southern District of California to the United States District Court for the Eastern District of California. (Doc. No. 42 at 2.) Plaintiff also seeks a continuance "pending the request for change of venue." (Id. at 3.) Plaintiff alleges that the convenience of parties and witnesses and the interest of justice warrant the transfer. (Id.) Plaintiff alleges that the current venue is a six-hour drive from his home, while the United States District Court for the Eastern District of California is only a 45-minute drive. (Id. at 2.) Under the applicable venue provisions, however, the defendant's residence may be relevant, but the plaintiff's residence is irrelevant.

A district court may transfer any civil action "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district or division where it might have been brought. 28 U.S.C. § 1404(a). A civil action where the jurisdiction is not founded on diversity of citizenship may be brought only in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise

---

[2] As of the date of this Order, Plaintiff has not filed an opposition to Defendants' motion to dismiss.

1    be brought.

2 28 U.S.C. § 1391(b).

3    On January 5, 2009, Plaintiff brought this action in the United States District Court for
4 the Southern District of California.[3] (Doc. No. 1.) Plaintiff's First Amended Complaint
5 alleges:

> 6    Assignment to the U.S. District Court/Southern District of California is
> 7    proper even though the original violations occurred at sea aboard the U.S.
> 8    Flagship Liberty Eagle, the violations were numerously repeated after returning
> 9    to U.S. soil, most substantially in California. The most recent of these violations
> 10   occurred again on August 19, 2008 in San Diego county . . . .

11 (Doc. No. 12, FAC at 1.) In their opposition to Plaintiff's motion for change of venue,
12 Defendants argue that the Eastern District is not the forum where this action might have been
13 brought, because it lacks any significant contact with the activities alleged in the complaint.
14 (Doc. No. 45 at 8.) The Court agrees. Neither Plaintiff's motion, nor his complaint,
15 demonstrate any connection this action may have with the Eastern District of California. See
16 28 U.S.C. § 1404(a). None of the Defendants reside in the Eastern District.[4] Defendant
17 Liberty Maritime Corporation does not have offices or employees in the Eastern District of
18 California. (Doc. No. 45-1, Campbell Decl. ¶ 2.) None of the events giving rise to the
19 complaint occurred in the Eastern District. (See FAC.) Because this action could not have
20 been brought in the Eastern District, transfer to that district is not proper. See 28 U.S.C. §§
21 1391(b), 1404(a). Accordingly, the Court DENIES Plaintiff's motion for change of venue.
22 ///
23 ///

---

[3] The Court notes that Plaintiff filed multiple cases in the Southern District: Contreras v. McKenna et al., 08-CV-44-BEN (WMC); Contreras v. Brudzinski, 08-CV-1154-JLS (POR); Contreras v. Vazquez, 08-CV-1362-BEN (WMC); Contreras v. Mahan et al., 09-CV-19-H (WMC); Contreras v. Lulley et al., 09-CV-53-H (AJB); Contreras v. Liberty Maritime Corporation et al., 09-CV-231-H (AJB); Contreras v. Vazquez et al., 09-CV-1267-IEG (CAB); and Contreras v. Vasquez et al., 09-CV-2359-IEG (CAB).

[4] Plaintiff alleged that Defendant Liberty's address is 1979 Marcus 14 Avenue, Suite 200, Lake Success, New York 11042, and that Defendant Mahan resides in Texas. (See Doc. No. 12, FAC.)

**Conclusion**

For the reasons above, the Court GRANTS Plaintiff's motion to continue, DENIES as moot Plaintiff's motion for change of venue, and DENIES Plaintiff's amended motion for change of venue. Because the Court has now ruled on Plaintiff's motion for change of venue, the Court directs Plaintiff to file an opposition to Defendants' motion to dismiss no later than **March 29, 2010**.

**IT IS SO ORDERED.**

DATED: March 12, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT